PETERS, J.
This litigation involves an attempt by Miller Sewer Systems, Inc. (Miller Sewer) to enforce an injunction issued against the State of Louisiana, Department of Health and Hospitals, Office of Public Health (DHH), prohibiting it from approving installation of certain residential mechanical sewer treatment plants in Calcasieu Parish, Louisiana. Miller Sewer has appealed a portion of the trial court’s judgment and AquaKlear, Inc. (AquaKlear), which was not a party to the trial proceedings, has appealed an additional portion of the judgment. For the following reasons, we vacate the trial court judgment, order the joining of two parties to the litigation as parties needed for the just adjudication of the issues raised, and remand the matter for further proceedings consistent with this opinion.
*998 FACTUAL AND PROCEDURAL HISTORY
This litigation revolves around the State of Louisiana’s responsibility for approving, for public health purposes, mechanical sewer treatment plants installed in residences in Calcasieu Parish. Any such treatment plant must be evaluated and tested by an independent American National Standards Institute (ANSI) certified independent testing facility to determine if it meets the requirements of the State Sanitary Code (Code). If the independent testing facility concludes that the proposed treatment plant does meet the Code requirements, it then submits its recommendation to the Chief Public Health Engineer for the state for approval. Once approved by the state’s Chief Public Health Engineer, the plant may be sold and installed in residences. The Chief Public Health Engineer is an employee of DHH.
Miller Sewer manufactures, distributes, and installs residential sewer treatment plants which have been approved by the state. In February of 1985, it brought suit against the State of Louisiana, Department of Health and Human Resources, Office Igof Health Services and Environmental Quality (DHHR), seeking an injunction to prohibit it from allowing the installation, in Calcasieu Parish only, of residential plants improperly approved and seeking damages for the past actions of DHHR in allowing improperly approved residential plants to be installed. This initial litigation ultimately resulted in the parties entering into a consent judgment which the trial court reduced to writing on September 30, 1986. The consent judgment awarded Miller Sewer $15,000.00 in damages and contained the following language concerning the injunctive relief:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, MILLER SEWER SYSTEMS, INC., and against defendant, STATE OF LOUISIANA, through the Department of [Health and] Human Resources, Office of Health Services and Environmental Quality, enjoining and restraining said defendant, its agents, and employees from in any manner:
(1) Failing to provide the Calcasieu Parish Health Unit with complete plans and specifications necessary to insure proper installation of mechanical sewage treatment plants in accordance with the design of said plants as tested by the agency certifying said plant to comply with the National Sanitation Foundation Standard 40, so long as the standard remains applicable in Louisiana;
(2) Giving official approval or permission for mechanical sewage treatment plants to be installed in Calcasieu Parish in any way contrary to the design and specifications of said plants as originally certified by the testing agency as being in compliance with the applicable standard in Louisiana;
(3) Failing to comply with the provisions of the State Sanitary Code pertaining to individual mechanical sewage treatment plants as respects the installation of such plaints within Calcasieu Parish[.]
Concerning enforcement of the injunction terms, the judgment further provided:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as an aid to the jurisdiction of this Court, and in order to insure the enforcement of this injunction, it is hereby ordered that for every knowing violation of this injunction, which is not corrected within a reasonable time after notification of the Central Office of Office of Preventive and Public Health Services thereof, which occurs after this judgment becomes final, plaintiff, MILLER SEWER *999 SYSTEMS, INC., shall be entitled to apply to this Court by summary proceedings, and, after notice and hearing, contradictory with the defendant, STATE OF | aLOUISIANA, Department of Health and Human Resources, or its successors, to enforce this injunction, this Court retaining jurisdiction herein to insure compliance with the terms hereof.
Thus, the injunction issued only addressed action or inaction of DHHR in Calcasieu Parish, and involved no other party or place.
On February 12, 1999, Miller Sewer invoked the summary procedure authorized by the September 30, 1986 judgment and filed a rule asserting that the state agency[1] had violated the terms of that judgment continuously by:
A. Allowing and/or approving Sewer Treatment Systems to be installed without proper blower housings in violation of the National Sanitation Foundation Standard 40;
B. Allowing and/or approving other Sewer Treatment Systems that do not strictly comply with the language set forth in sub-part 1 of the injunction;
C. Allowing and/or approving installation of at least 109 modified sewage tanks in Calcasieu Parish which were not approved for sale or installation by the State of Louisiana and which are in violation of the National Sanitation Foundation Standard 40; and
D.Allowing and/or approving other Sewer Treatment Systems that are improperly installed and contain other violations of the provisions of the State Sanitary Code and the National Sanitation Foundation Standard 40.
Miller Sewer sought no damages in its rule. Instead, it requested that DHH “be ordered to comply with the injunction by correcting any violations” and that it be held in contempt of court for violating the injunction and “fined and/or imprisoned according to law for each and every violation.” However, Miller Sewer failed to name in the rule any person or company who might have benefitted from DHH’s violation of the injunction. DHH answered the rule, generally denying Miller Sewer’s allegations.
LDuring the pretrial process, it became clear that Miller Sewer’s basic complaint was that DHH allowed three of its competitors, Cajun Aire, Inc.,[2] Delta Environmental Products, Inc. (Delta), and AquaKlear, to manufacture, distribute, and install mechanical sewage treatment plants that did not meet Code standards. At trial, Miller Sewer attempted to establish that DHH had allowed Delta to manufacture, distribute, and install treatment plants that did not contain a cover or shroud over the blower or compressor. This lack of cover or shroud, according to Miller Sewer, failed to comply with plans and specifications originally certified by the testing agency and approved by the Chief Public Health Engineer. Further, according to *1000 Miller Sewer, the plans and specifications had not been properly modified since the original approval was issued. Concerning AquaKlear, Miller Sewer argued that DHH wrongfully approved installation of AquaKlear manufactured plants which were improperly tested for compliance with the effluent requirements of the Code.
The rule was tried on three separate days over a six month period. It began on September 11, 2000, was initially continued to October 5, 2000, and was finally completed on March 20, 2001. Between the first and second day of trial, on September 22, 2000, Delta filed a petition to intervene in the litigation for the purpose of defending the technical integrity of its sewer treatment plant. On the second day of trial, the trial court heard arguments on the intervention issue and denied Delta’s intervention request. Thereafter, on the final day of trial, and after considering the evidence presented, the trial court rejected Miller Sewer’s complaint that Delta’s sewer treatment plants were not properly approved by DHH, but concluded that DHH |5did approve AquaKlear manufactured plants that did not meet the Code requirements.
In its appeal, Miller Sewer asserts two assignments of error:
1. The Trial Court erred in limiting the evidence of Miller Sewer Systems, Inc. related to the Delta Sewer System and in failing to find the State of Louisiana in contempt for approving installation of modified Delta Sewer Systems in violation of the injunction and failing to enforce same.
2. The Trial Court erred in not awarding expert fees for C. Russell Rader.
In its appeal, AquaKlear also asserts two assignments of error:
1. Because the Trial Court’s Judgment directly affects the rights of AquaK-lear, Inc., who was not a party to the suit, it should be vacated.
2. Alternatively, the Trial Court committed reversible error by depriving AquaKlear, Inc. of the license issued by the State of Louisiana, Department of Health and Hospitals, to manufacture and install Individual Mechanical Sewage Treatment Plants, without due process of law as required by the Constitution of the State of Louisiana.
OPINION
Miller Sewer’s Assignments of Error
In considering whether the Delta sewage plants complied with the Code absent the cover or shroud for the compressor or blower, the trial court limited the proceedings to two issues: (1) whether the independent testing facility recommended to DHH that the modification met Code requirements, and (2) whether the Chief Public Health Engineer approved the modification. The two issues were considered in reverse at trial.
The evidence establishes that Delta used Louisiana State University (LSU) in Baton Rouge, Louisiana, as the independent testing facility for its plant. Delta’s original plant was approved in 1990, but, thereafter, questions arose concerning the [ fineed for a cover or shroud for the compressor of blower of the unit. On February 29, 1996, DHH forwarded a letter to Delta’s president, stating the following:
After reviewing the February 5, 1996 letter from L.S.U., your testing agency, please be advised that Dr. Mohamed Alawady has answered the question “of whether or not an additional cover/shroud is required ...,” i.e., no cover *1001 is necessary. As of this date, the additional cover issue is hereby resolved.
The letter appeared to be from Mr. Columbus Russell Rader, Jr., the Chief Public Health Engineer for the state. However, the signature appeared as follows: “C. Russell Rader/by GR.”
Mr. Rader testified at trial that George Robicheaux signed the letter on his behalf at his instruction, but that he did not approve the Delta change. He stated that he ordered Mr. Robicheaux to sign the letter because he had been ordered by his superior “to have the letter signed and put out.” Mr. Rader expressed his opinion that any Delta system installed without a cover on the blower housing “would not meet the requirements of Standard 40 as set forth in the State Sanitary Code,” and that any such modification would be “contrary to the design and specifications or configuration as it was tested.” In other words, Mr. Rader had the letter signed and released against his personal judgment.
Dr. Mohamed Alawady’s testimony concerning his relationship to LSU is confusing at best. He initially testified that he had been employed at LSU for some thirty-two years, but he had no involvement in the university’s testing procedure for the waste water plants. He asserted that the report upon which DHH relied was prepared on his own time, that he did not represent LSU in preparing it, that LSU never approved the modification at issue, and that the opinion was his “own personal opinion as a layman.” However, in other parts of his testimony, he appeared to |7suggest that the work was performed under the auspice of LSU. Although Delta paid him for the report, he gave the money to LSU because of “the suit situation” that apparently arose after release of his report. He placed his recommendation on LSU letterhead because it became obvious to him that the state would not pay for his services if he did not appear to represent LSU. In response to court questions, he stated that if he had been working for LSU, he would have reached the same conclusions. Dr. Alawady’s deposition testimony, which was accepted into evidence, did little to clarify his exact position with the university.
The trial court ruled that Mr. Rader tacitly approved the modification by authorizing Mr. Robicheaux to sign it on his behalf. Additionally, the trial court concluded that Dr. Alawady was in fact acting as an instrument of LSU. Recognizing the procedural defects in the process, the trial court concluded that they were not “so in violation of the regulation as to render the subsequent approval by the DHH void.” The court concluded that Delta and DHH were justified under the totality of the circumstances in relying upon Dr. Alawa-dy’s recommendation that the unit did not need a cover for the blower. This decision rendered the rejection of Delta’s intervention moot as Delta suffered no adverse effects from the ultimate judgment.
When Miller Sewer attempted to present evidence to the effect that the Delta treatment plant violated Code standards despite DHH’s purported approval, the trial court rejected this attempt, ruling that the only issue before it was whether DHH properly relied on the testing agency. Miller Sewer then made fourteen proffers on this issue. However, in rendering its decision regarding the limitation of evidence relative to Delta, the trial court failed to note that Miller Sewer’s rule specifically cited as an instance of alleged violation by DHH its “[allowing and/or approving |RSewer Treatment Systems to be installed without proper blower housings in violation of National Sanitation Foundation Standard 40.” Thus, the issue which the proffered evidence addressed *1002 was properly before the trial court. Therefore, we find that the trial court abused its discretion by limiting the evidence with respect to the Delta system.
Normally we would now turn to the consideration of the proffered evidence. However, to do so would raise issues that directly affect Delta, a party which we find to be a party needed for just adjudication.
A person shall be joined as a party in an action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
La.Code Civ.P. art. 641.
Nonjoinder of a party under La.Code Civ.P. art. 641 may be raised as a peremptory exception. La.Code Civ.P. art. 927(A)(3). Additionally, it can be noticed on appeal by this court on its own motion. La.Code Civ.P. art. 927(B). We find that La.Code Civ.P. art. 641 requires the join-der of Delta as a party to the litigation.
AquaKlear’s Assignments of Error
AquaKlear was never made a party to the proceedings in the lower court and never attempted to intervene. Nevertheless, it appeals the judgment pursuant to the authority found in La.Code Civ.P. art. 2086.
| flConcerning the AquaKlear claim, the trial court executed a written judgment on April 17, 2001, which provided, in part, as follows:
IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Defendant, State of Louisiana, Department of Health and Hospitals, Office of Public Health is in contempt for allowing the AquaKlear individual mechanical sewage treatment plant to be installed in Calcasieu Parish in violation of the injunction in that the testing of the AquaKlear individual mechanical sewage treatment plant was not done in strict compliance with the State Sanitary Code and the standards required therein. As such, the authority issued by the Defendant, State of Louisiana, Department of Health and Hospitals, Office of Public Health to install the AquaKlear individual mechanical sewage treatment plant in Calcasieu Parish is revoked. Furthermore, the Defendant, State of Louisiana, Department of Health and Hospitals, Office of Public Health shall not allow any model of the AquaKlear individual mechanical sewage treatment plant to be installed in Calcasieu Parish at any time after March SO, 2001 until it has been retested in strict compliance with the State Sanitary Code as the testing to date is not in compliance with the State Sanitary Code. However, the Defendant, State of Louisiana, Department of Health and Hospitals, Office of Public Health shall not be required to remedy these violations reactively.
(Emphasis added.)
While Miller Sewer’s prayer for relief requested only that DHH “comply with the injunction by correcting any violations,” the trial court judgment actually prevents AquaKlear from doing business in Calcasieu Parish. Thus, we agree that AquaKlear was directly affected by the judgment below and that its absence from the litigation precluded a complete and *1003 equitable adjudication of the dispute between Miller Sewer and DHH. Therefore, we recognize on our own motion that AquaKlear is also a party needed for just adjudication of the issues before the trial court. La.Code Civ.P. art. 641; La.Code Civ.P. art. 927(B).
In reaching the conclusion that both Delta and AquaKlear are parties needed for the just adjudication of the issue before the trial court, we find it necessary to vacate the trial court judgment and remand the matter to the trial court for a new trial | inafter joining Delta and AquaK-lear as parties to the litigation.
DISPOSITION
For the foregoing reasons, we vacate the trial court’s judgment, order the joinder of Delta Environmental Products, Inc. and AquaKlear, Inc. as parties necessary for the just adjudication of the issues raised, and remand for further proceedings consistent with this opinion. We assess one-half of the cost of this appeal to Miller Sewer Systems, Inc. and one-half of the cost of this appeal to the State of Louisiana, Department of Health and Hospitals, Office of Public Health, such costs totaling $1,823.00.[3]
JUDGMENT VACATED, CASE REMANDED WITH INSTRUCTIONS.

. Miller Sewer listed the defendant in rule as the State of Louisiana, Department of Health and Human Resources and/or its successor or agent of the State of Louisiana, Department of Health and Hospitals, Office of Public Health. Although the September 30, 1996 judgment addressed the activities of DHHR, only DHH answered the rule. There appears to be no dispute but that DHH is the successor to DHHR and the proper defendant in the rule.

. The issues concerning the unit or plant installed by Cajun Aire, Inc. are not before us, as Miller Sewer and DHH entered into a stipulation concerning those issues and neither party appealed the terms of that stipulation.

. We have expressed appellate court costs in a dollar amount in our decree pursuant to La.R.S. 13:5112(A).